**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50155 |
| Plaintiff - Appellee, | D.C. No. 3:04-CR-00253-H-1 |
| v. | |
| FRANCISCO KELLY-PALMER, | ORDER AMENDING |
| Defendant - Appellant. | |

Before: FRIEDMAN,[*] D.W. NELSON, and REINHARDT, Circuit Judges.

The memorandum disposition filed on April 29, 2010, is amended as follows:

After the first sentence of the paragraph numbered "2" on page 4, delete the next two sentences beginning with "Although those prior violations" and ending with "setting his sentence." In place of the deleted sentences, insert the following two sentences:

---

[*]     Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

2.  18 U.S.C. § 3553(a)(2)(B) requires the sentencing court to consider a sentence that "afford[s] adequate deterrence to criminal conduct," and the district court properly concluded that the imposition of a period of supervised release had repeatedly failed to deter Kelly-Palmer from further criminal conduct involving illegal reentry, in violation of supervised release.  Kelly-Palmer's previous supervised release violations were therefore pertinent in setting his sentence.

The next sentence beginning "In view of" should be a separate paragraph. The amended part 2 now reads as follows:

2.  The district court properly relied upon Kelly-Palmer's previous violations of supervised release in determining the sentence.  18 U.S.C. § 3553(a)(2)(B) requires the sentencing court to consider a sentence that "afford[s] adequate deterrence to criminal conduct," and the district court properly concluded that the imposition of a period of supervised release had repeatedly failed to deter Kelly-Palmer from further criminal conduct involving illegal reentry, in violation of supervised

release. Kelly-Palmer's previous supervised release violations were therefore pertinent in setting his sentence.

In view of those facts and the Sentencing Guidelines direction that "imprisonment imposed upon the revocation of . . . supervised release shall . . . be served consecutively to any sentence of imprisonment that the defendant is serving," U.S.S.G. § 7B1.3(f), the consecutive sentence was reasonable.

**The petition for rehearing and petition for rehearing en banc are still pending. No further petitions shall be entertained.**